UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

R. Fredrick Rouse,

       Plaintiff,

v.                                            Civ. No. 04-1090 (JNE/RLE)
                                             ORDER

UNUM Life Insurance Company
of America,

       Defendant.

Paul W. Wojciak, Esq., Johnson, Killen & Seiler, appeared for Plaintiff R. Fredrick Rouse.

Terrance Wagener, Esq., Krass Monroe, P.A., appeared for Defendant UNUM Life Insurance Company of America.

      R. Fredrick Rouse brought this action against UNUM Life Insurance Company of America (UNUM) to recover long-term disability (LTD) benefits under a plan offered by his employer, Duluth Paper & Specialties Company (Duluth Paper), pursuant to the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001-1461 (2000).  The case is before the Court on the parties' cross-motions for summary judgment.[1]  For the reasons set forth below, the Court grants UNUM's motion and denies Rouse's motion.

      This case was previously before the court on the parties' cross-motions for summary judgment.  In the earlier proceeding, UNUM argued that it was entitled to summary judgment because Rouse was performing all of the material duties of his regular occupation as president, CEO, and sole owner of Duluth Paper.  Reviewing UNUM's decision for an abuse of discretion, the Court held that UNUM's position was unreasonable.  Specifically, the Court concluded that

---

[1] In addition, UNUM moved to strike certain documents Rouse submitted in support of his motion for summary judgment.  The Court denies the motion as moot.

1

heavy lifting was one of the material duties of Rouse's regular occupation and that he was unable to perform such lifting. In the same proceeding, UNUM also argued that it was entitled to summary judgment because Rouse could not attribute a twenty percent decrease in his earnings to his disability. In support of its alternative argument, UNUM relied on an analysis of Duluth Paper's financial information. The financial analysis, performed by Mark Mathys, suggested that only seven percent of Duluth Paper's total decrease in earnings from 2001 to 2002 was attributable to an increase in delivery costs, which in turn may have been attributable to Rouse's inability to perform heavy lifting as a result of his disability. Because that financial analysis was disclosed to Rouse for the first time in UNUM's final denial letter, Rouse did not have an opportunity to address this argument before the plan administrator. The Court therefore denied both motions for summary judgment and remanded the case to the plan administrator, ordering UNUM to reopen the administrative record to allow Rouse to respond to the financial analysis.

UNUM complied with the Court's Order. On September 23, 2005, Rouse responded to the financial analysis. His response consisted solely of his counsel's correspondence disagreeing with Mathys' analysis and conclusions; a copy of the Court's August 18, 2005, Order; and a copy of Mathys' financial analysis. He did not submit any further documentation, affidavits, or other evidence in support of his claim. UNUM again affirmed its denial decision, and Rouse thereafter brought a motion to reopen this case.

## I.  DISCUSSION

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party "bears the initial responsibility of informing the district court

2

of the basis for its motion," and must identify "those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies its burden, Rule 56(e) requires the party opposing the motion to respond by submitting evidentiary materials that designate "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In determining whether summary judgment is appropriate, a court must look at the record and any inferences to be drawn from it in the light most favorable to the party opposing the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

**A.     Standard of review**

A participant in an ERISA plan may bring suit "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Typically, a court reviews a denial of benefits challenged under that section under a de novo standard of review. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). However, when a plan gives discretionary authority to the plan administrator or reviewing committee to determine eligibility for benefits or to construe the terms of the plan, a court reviews the decision to deny benefits for an abuse of discretion. *Id*. UNUM now concedes that the applicable policy does not confer discretion and that its decision to deny benefits should be reviewed de novo.[2] Under the de novo standard of review, the district court makes an independent decision as to the claimant's eligibility for disability benefits under the policy without deference to the administrator. Where,

---

[2]     During the first summary judgment proceeding, the parties agreed that the policy language conferred discretion on the plan administrator. At some point during this litigation, UNUM discovered that the booklet presented as the policy during the first summary judgment proceeding did not contain the "complete, applicable long term disability policy UNUM issued to Duluth Paper." Under the complete policy, UNUM was not granted discretionary authority.

3

as here, the policy language requires the employee to submit proof of disability, the employee bears the burden of demonstrating an entitlement to benefits. *See, e.g.*, *Gallagher v. Reliance Standard Life Ins. Co.*, 305 F.3d 264, 270 (4th Cir. 2002).

**B.** **Merits**

UNUM argues that the Court should grant its motion for summary judgment and deny Rouse's motion because Rouse has not established that he has suffered a twenty percent loss of income as a result of his disability. In response, Rouse maintains that UNUM's determination that his decline in income was not attributable to his disability is beyond the scope of what UNUM was permitted to consider on remand and that UNUM's contention that Rouse has failed to demonstrate causation is a new argument improperly before the Court. The Court disagrees. A review of UNUM's correspondence with Rouse and previous summary judgment submissions reveals that, since UNUM's final letter affirming its decision to deny benefits, UNUM has consistently informed Rouse that he has failed to submit evidence demonstrating that his loss of income was caused by his disability. For instance, UNUM wrote the following in its September 25, 2003, letter affirming its denial decision:

> However, since the appellate medical review concluded that there was no support of restrictions and limitations that would preclude your client from performing the President/CEO/Owner occupational duties, Mr. Rouse has indicated he has had loss of wages due to his impairment. Therefore, further investigation was warranted. As the LTD plan's definition of disability indicates that if an insured is working and suffering an earnings loss, and Mr. Rouse has indicated that he has had a significant loss of wages since his date of disability, you were notified, via correspondence dated August 5, 2003, additional financial information was requested to reconcile your client's loss of earnings, due to . . . his impairment. This information was received in our offices on August 18, 2003.
>
> This information was forwarded to a Financial Risk Consultant to verify loss of wages during the period prior to and after the date of disability. Based upon the analysis of the financial documentation presented, in summary, it appears that your client's purported loss in earnings during the time which Mr. Rouse was treated for his condition causing impairment is due to a loss of gross

4

>    profit, plus an increase in operating and miscellaneous expenses.  Additionally, while you have stated that Mr. Rouse is unable to perform specific warehouse functions including truck driving and delivering merchandise, it appears that the increases in delivery charges accounts for only 7% of the decreased earnings.

The Court's remand Order also specifically mentioned this causation argument. *See Rouse v. UNUM Life Ins. Co. of Am.*, Civ. No. 04-1090, 2005 WL 2000181, at *8-9 (D. Minn. Aug. 18, 2005). UNUM's argument is properly before the Court.

Rouse next argues that, to the extent UNUM's causation argument is properly before the Court, it lacks merit.  He maintains that it was unreasonable for UNUM to look at Duluth Paper's financial information to determine whether he could establish a twenty percent loss in income as a result of his disability.  He further argues that the seven percent number is misleading because his disability prevents him from doing more than simply making deliveries and because UNUM's method of calculating the percent increase of delivery charges depends on fluctuations in profit and income that have nothing to do with Rouse individually.

To meet the definition of "disability" under the insurance policy, Rouse must have experienced at least a twenty percent loss of earnings due to his injury.  The relevant policy language provides:

>    "Disability" and "disabled" means that because of injury or sickness:
>
>    . . . .
>
>    2.   the insured, while unable to perform all of the material duties of his regular occupation on a full-time basis, is:
>
>    >    a.   performing at least one of the material duties of his regular occupation or another occupation on a part-time or full-time basis; and
>    >
>    >    b.   earning currently at least 20% less per month than his indexed pre-disability earnings due to that same injury or sickness.

Under the policy, Rouse bears the burden of demonstrating an entitlement to benefits. The policy provides:

> When the Company receives proof that an insured is disabled due to sickness or injury and requires the regular attendance of a physician, the Company will pay the insured a monthly benefit after the end of the elimination period. The benefit will be paid for the period of disability if the insured gives the Company proof of continued:
>
> 1. disability; and
>
> 2. regular attendance of a physician.

Similarly, the certificate of coverage states that UNUM will "pay [the employee] a monthly benefit after the end of the elimination period when [it] receive[s] proof that [the employee]: 1. [is] disabled due to sickness or injury; and 2. require[s] the regular attendance of a physician."

In short, the burden is on Rouse to demonstrate a causal connection between the decrease in his earnings and his disability. Rouse has not, however, provided such evidence, either during the administrative review process or during this litigation. In fact, the only evidence he has offered is his tax returns for 2001 and 2002 and payroll records. Those documents establish he experienced a loss of earnings of more than twenty percent from 2001 to 2002. In 2001, his reported wages were at least $105,704; in 2002, his reported wages were $28,683.[3] This evidence is not, however, sufficient to satisfy Rouse's burden of demonstrating that his loss of income is attributable to his disability. As UNUM noted, Rouse, as president, CEO, and sole owner of Duluth Paper, had discretion to adjust his income at will. Thus, the fact that his income was lower in 2002 or 2003 than in 2001 does not demonstrate that the decrease in his income was attributable to his disability. In fact, that Rouse earned such a significantly lower income in

---

[3] UNUM does not dispute that Rouse experienced a twenty percent loss of earnings, but it argues that Rouse has failed to offer any competent evidence that such a loss is attributable to his disability.

6

2002 than in 2001 even though he returned to work part-time in March 2002 and was working up to thirty hours per week as of May 2002 strongly suggests that at least part of his loss in wages was due to other factors.

Because Rouse is the sole owner of Duluth Paper and failed to come forward with any evidence supporting a causal connection between his decreased earnings and his disability, UNUM appropriately turned to and relied on Duluth Paper's financial information for purposes of determining the extent to which Rouse's loss of earnings was attributable to his disability. This information reveals that only $9,056.89 of the $133,115 loss in Duluth Paper's net earnings is attributable to increased delivery charges. Thus, the loss attributable to Rouse's disability and consequent inability to make deliveries is only seven percent of the total decrease in earnings. Although Rouse's inability to lift in excess of twenty pounds may have impaired his ability to perform material duties other than making deliveries, Rouse has offered no evidence of increased costs or loss of sales attributable to his disability. Indeed, as Mr. Mathys wrote: "[I]t currently cannot be determined whether any inability of the insured to make sales calls results in an earnings loss, or if so in what amount, as no data has been provided by the insured to make such an analysis and sales can be affected by numerous factors irrespective of Claimant's physical abilities." Moreover, although Rouse contends that fluctuations in Duluth Paper's profit and income having nothing to do with Rouse individually may have affected the percent increase of delivery charges, Rouse has offered no evidence to support his argument. As discussed previously, it is Rouse's burden to come forward with this data.

For the foregoing reasons, the Court concludes that Rouse has failed to demonstrate that his injury caused him to earn at least twenty percent less per month than his indexed pre-disability earnings. He is therefore not entitled to benefits under the policy. Accordingly, the

Court grants UNUM's motion for summary judgment and denies Rouse's motion for summary judgment.

## II. CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Rouse's Renewed Motion for Summary Judgment [Docket No. 60] is DENIED.

2. UNUM's Motion for Summary Judgment [Docket No. 66] is GRANTED.

3. UNUM's Motion to Strike [Docket No. 78] is DENIED AS MOOT.

4. This case is DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 27, 2006

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge
